Yklik, Inc., as Assignee of ASMIRES TEJADA, Respondent, -
against
MVAIC, Appellant.



Appeal from a judgment of the Civil Court of the City of New York, Kings County (Robin Kelly Sheares, J.), entered October 16, 2013. The judgment, entered pursuant to a decision of the same court dated October 19, 2012, after a nonjury trial, awarded plaintiff the principal sum of $829.




ORDERED that, on the court's own motion, the notice of appeal from the decision dated October 19, 2012 is deemed a premature notice of appeal from the judgment entered October 16, 2013 (see CPLR 5520 [c]); and it is further,
ORDERED that the judgment is reversed, with $30 costs, and the matter is remitted to the Civil Court for the entry of a judgment dismissing the complaint.
At the outset of a nonjury trial in this action by a provider to recover assigned first-party no-fault benefits, it was noted that, in a prior order, the Civil Court had denied the parties' motions for summary judgment and found that the sole issue for trial was whether there was coverage by defendant Motor Vehicle Accident Indemnification Corporation (sued herein as MVAIC) of plaintiff's claims. The only witness at trial was an employee of MVAIC, who testified that plaintiff's assignor was not a covered person because MVAIC had never received a notice of intention to make claim form. After MVAIC concluded its case, the Civil Court awarded judgment to plaintiff.
"The filing of a timely affidavit providing the MVAIC with notice of intention to file a claim is a condition precedent to the right to apply for payment from [MVAIC]' (see Insurance Law § 5208 [a] [1], [3]). Compliance with the statutory requirement of timely filing a notice of claim must be established in order to demonstrate that the claimant is a covered person,' within the meaning of the statute, entitled to recover no-fault benefits from the MVAIC (see Insurance Law § 5221 [b] [2]; Ocean Diagnostic Imaging v Motor Veh. Acc. Indem. Corp., 8 Misc 3d 137[A], 2005 NY Slip Op 51271[U] [App Term, (2d Dept,) 2d & 11th Jud Dists (2005)])" (A.B. Med. Servs. PLLC v Motor Veh. Acc. Indem. Corp., 10 Misc 3d 145[A], 2006 NY Slip Op 50139[U], *3 [App Term, 2d Dept, 2d & 11th Jud Dists 2006]; see also M.N.M. Med. Health Care, P.C. v MVAIC, 22 Misc 3d 128[A], 2009 NY Slip Op 50041[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2009]; Bell Air Med. Supply, LLC v MVAIC, 16 Misc 3d 135[A], 2007 NY Slip Op 51607[U] [App Term, 2d Dept, 2d & 11th Jud Dists 2007]). As plaintiff did not establish that a notice of intention to make claim form had been submitted to MVAIC, plaintiff [*2]failed to establish its prima facie case (see Insurance Law §§ 5202 [b]; 5208, 5221 [b] [2]). Accordingly, the judgment is reversed and the matter is remitted to the Civil Court for the entry of a judgment dismissing the complaint.
Pesce, P.J., Aliotta and Solomon, JJ., concur.
Decision Date: June 03, 2016